# PEOPLE OF THE STATE OF NEW YORK EX REL. ESTHER VAN ALLEN, APPELLANT, *v.* WILLIAM H. PERRY, RESPONDENT.

*Summary proceedings — reviewable on certiorari, though no appeal taken — Writ may be issued within two years — is properly made returnable at Special Term — copy of affidavit need not be served on respondent.*

Section 15 of 2 R. S., p. 391, providing that "no *certiorari* shall be allowed to remove into the Supreme Court any matter which may be brought before the county court by appeal from a justice, until after a final determination thereon by such court," only applies to those cases in which an appeal has been taken, and not to those in which an appeal might have been but was not taken.

*Certiorari* will issue to review summary proceedings before a justice of the peace, although no appeal has been taken.

The party may resort to an appeal or procure a *certiorari*, at his election.

The time of limitation to writs of *certiorari*, in the absence of special circumstances, is two years.

When a *certiorari* is issued, it is not necessary that a copy of the affidavit on on which it was allowed be served on the respondent.

A *certiorari* to review summary proceedings is properly made returnable at a Special Term.

APPEAL from an order of Oneida Special Term quashing a writ of *certiorari* allowed by a justice of this court, *ex parte*, to review certain proceedings had before a justice of the peace, under the statute authorizing summary proceedings to recover possession of land.

The proceedings were instituted by the respondent against the relator, to remove her from certain premises purchased by the respondent at a mortgage sale under a statutory foreclosure. On March 3d, 1877, the justice rendered judgment in favor of the present respondent, and issued a warrant by virtue of which the relator was put out of possession. No appeal was taken to the county court. On 12th August, 1878, the relator obtained the writ of *certiorari*. The order quashing the same was granted by the Special Term on two grounds. First. That no appeal having been taken to the county court from the judgment of the justice, and no reason for the omission to take such appeal having been shown, the allowance of the writ was contrary to the statute. (2 R. S., 391, § 15.)

462     PEOPLE ʜx ʀel. VAN ALLEN *v.* PERRY.

Fourth Department, January Term, 1879.

Second. That the unexcused failure to appeal, and the subsequent delay constituted *laches.* The respondent's counsel also contended that the writ was properly quashed for the further reasons, that the affidavit on which it was granted was not served upon the respondent; that the writ was improperly made returnable at a Special Term, notwithstanding rule 44, and that the relator had an adequate remedy by appeal.

*Eugene E. Sheldon,* for the appellant.

*R. H. Smith,* for the respondent.

Smith, J. :

The statute which appears to have been mainly relied on by the Special Term provides, that "no *certiorari* shall be allowed to remove into the Supreme Court any matter which may be brought before the county court by appeal from a justice until after a final determination thereon by such court." The Special Term held, in effect, that as the case was one in which an appeal *might* have been taken to the county court, though none was taken, a *certiorari* could not be allowed. We think the meaning of the statute is that in a case where an appeal lies to the county court, if such appeal shall have been taken in fact, no *certiorari* shall be allowed until a final determination by the county court. If the construction of the Special Term is correct, a *certiorari* cannot be directed to the justice to review summary proceedings in any case, and the only remedy, in the first instance, is by appeal to the county court. But the cases are numerous in which the writ has been directed to the justice. (*The People ex rel. Daniels* v. *Cushman,* 1 Hun, 73 ; *The People ex rel. Grissler* v. *Stuyvesant,* id., 102; *S. C.* affirmed, 58 N. Y., 323; *The People ex rel. Murphy* v. *Lockwood,* 3 Hun, 304; *The People ex rel. Hughes* v. *Lamb,* 10 id., 348.) And it has been held that the remedies are concurrent, and a party may resort to either at his option. (*Williams* v. *Bigelow,* 11 How., 87.) We do not think the statute referred to stood in the way of granting the writ.

Neither do we think there was such *laches* as would warrant

PEOPLE ex rel. VAN ALLEN v. PERRY.        463

Fourth Department, January Term, 1879.

the quashing of the writ on that ground.   The writ was applied for about seventeen months after the judgment was rendered. The time of limitation to writs of *certiorari* which, in the absence of special circumstances, has been usually adopted by this court, is two years, in analogy to the limitation fixed by statute upon writs of error before those writs were abolished.   (*People ex rel. Ackerly* v. *Brooklyn*, 8 Hun, 56, and cases there cited by Gilbert, J. ; *People ex rel. Corwin* v. *Walter*, 4 N. Y. Sup. Ct. [T & C.] R., 640; *S. C.*, 2 Hun, 385.)   The Code of Procedure substituted appeals for writs of error, and fixed two years as the limitation for bringing appeals to the Court of Appeals.   The Code of Civil Procedure has reduced the time to one year.   But it does not necessarily follow that the courts should now adopt one year as the limitation to writs of *certiorari* in all cases.   The granting of the writ is, now as heretofore, in a great measure matter of discretion.   In most of the cases in which two years were said to be the limitation, public interests were involved, or private rights had intervened, which would be prejudiced by delay.   But this case presents neither of these features, and we cannot say that the discretion of the judge who allowed the writ was improperly exercised.

We are not aware of any reported case holding that a copy of the affidavit on which the writ was allowed must be served with the writ on the respondent.   In Wait's Practice (vol. 5, p. 490), it is said the affidavit should be served, but no authority is cited in support of the position.   If it is necessary to serve the affidavit on the respondent, it seems equally necessary to serve it upon the officer or tribunal to whom the writ is directed ; but there does not seem to be any necessity for serving it on either.   The office of the writ is not to compel a return upon certain points pointed out in the affidavit, but to remove the entire proceedings specified in the writ or the record thereof into the court to which the writ is returnable.   The judge, to whom an *ex parte* application for the writ is made, may in his discretion require notice of it to be given to the adverse party ; and if, after the writ is allowed, the respondent deems it to have been inadvertently issued, he may move to quash or supersede it.   It may be judicious practice to serve a copy of the affidavit with the writ, but we are not pre-

464        PFOPLE ex rel. VAN ALLEN v. PERRY.

FOURTH DEPARTMENT, JANUARY TERM, 1879.

pared to say that an omission to do so furnishes ground for quashing the writ, when it appears to have been regularly and providently granted in all other respects, and there is no evidence that the respondent has been harmed by the omission.

The respondent's counsel seems to suppose that notwithstanding rule 44, the writ should have been made returnable at the General Term. He bases his argument upon section 47 of the act authorizing summary proceedings (2 R. S., 516), as amended by chapter 828 of the Laws of 1868. The section, as amended, provides that the Supreme Court may award a *certiorari*, etc.; that the judgment of the Supreme Court at a General Term shall be final, unless an appeal be allowed to the Court of Appeals; and that the appeal upon any judgment rendered upon any such *certiorari* may be brought on for argument, etc., at any term of the Court of Appeals, etc. His position is that the section allows only one appeal, and if the writ were made returnable at a Special Term, an appeal would lie from the judgment of the Special Term directly to the Court of Appeals, contrary to the evident intention of the statute. The answer to this is that an appeal to the General Term from an order made by a Special Term in every special proceeding is given by section 1356 of the Code of Civil Procedure.

The respondent's counsel cites the cases of *Saratoga and W. R. R. Co.* v. *McCoy* (5 How., 378); *In the Matter of Mount Morris Square*, (2 Hill, 27), and *The People ex rel. Noble* v. *The Board of Comrs.* (37 Barb., 126), in support of the position, that when a remedy is given by appeal a *certiorari* should not be granted. Many more cases might be cited to the same effect. They are all cases of a common law *certiorari*. Here the writ is given by statute, and as we have already seen the remedies are concurrent.

The order of the Special Term quashing the writ should be reversed with ten dollars costs of appeal and disbursements, and ten dollars costs of opposing the motion at Special Term.

TALCOTT, P. J., and HARDIN, J., concurred.

So ordered.